UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAYARTO PERKINS,

    Plaintiff,

v.                                            Case No. 2:03-cv-205
                                              HON. ROBERT HOLMES BELL

PATRICIA CARUSO, et al.,

    Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On August 30, 2005, this court entered a judgment dismissing plaintiff's claims. Thereafter, defendants filed a motion to tax costs against plaintiff in the amount of $2,328.45. On September 19, 2005, this court issued an order requiring plaintiff to file a response to defendants' motion. Plaintiff filed a response on October 11, 2005.[1]

The court finds that defendants' costs, including those sought under 28 U.S.C. § 1923(a), are authorized by statute and reasonable in nature and amount. *See Meador-Bey v. Jones*, No. 92-2379, 1993 WL 76228, at *1 (6th Cir.), *cert. denied*, 509 U.S. 913 (1993); *Berryman v. Epp*, 884 F. Supp. 242, 244-45 (E.D. Mich. 1995). Costs in the amount of $2,328.45 are therefore approved.

---

[1] In his response to defendants' motion to tax costs, plaintiff maintains that pursuant to an agreement made between plaintiff and his former attorneys, plaintiff's former attorneys are responsible for defendants' costs. That matter is not before this Court. The sole matter presently before this Court is whether defendants are entitled to recover costs.

The Prison Litigation Reform Act, Pub. L. No. 104-134 (1996), removes the court's discretion to order relief from taxed costs on the basis of a prisoner's indigence. Under the Act, costs should generally be awarded regardless of whether the inmate is indigent. *See* 28 U.S.C. § 1915(f)(2)(A); *Singleton v. Smith*, 241 F.3d 534, 539-40 (6th Cir. 2001). Defendants are entitled to an award of costs totaling $2,328.45.

A prisoner litigant against whom costs are taxed is now required to make an initial payment of costs equal to twenty percent of the greater of (a) the average monthly deposits to the prisoner's account, or (b) the average monthly balance in the prisoner's account over a six month period. 28 U.S.C. § 1915(a)(2), (f)(2)(B). After an initial payment, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full.

Plaintiff has failed to submit a certificate establishing prisoner account activity as ordered by this court. Accordingly, the court is unable to assess plaintiff's financial status. Therefore, the total costs of $2,328.45 shall be immediately payable by plaintiff to the Michigan Attorney General's Office. If plaintiff is financially incapable of paying the costs in full at the present time, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. The agency having custody of plaintiff shall forward payments from plaintiff's account to the Michigan Attorney General's Office each time the amount in the account exceeds $10.00 until the costs are paid in full.

Date:   November 17, 2005           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE